UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| YAPP USA AUTOMOTIVE SYSTEMS, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD, JENNIFER ABRUZZO, LAUREN M. McFERRAN, MARVIN E. KAPLAN, GWYNNE A. WILCOX, DAVID M. PROUTY, and ARTHUR AMCHAN,<br><br>  Defendants. | Case No. 24-12173<br>Honorable Laurie J. Michelson |

**ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION [35] AND DENYING YAPP'S MOTION TO STAY PENDING APPEAL [31]**

YAPP USA Automotive Systems, Inc. filed a motion for a preliminary injunction to enjoin an NLRB administrative proceeding scheduled to begin on September 10, 2024. (ECF No. 4.) The Court denied the motion on September 9, 2024, YAPP immediately appealed the Court's ruling (ECF No. 30) and filed an emergency motion to stay the administrative proceeding pending its appeal (ECF No. 31). The Court was working within significant time constraints and saw value in giving the Court of Appeals an opportunity to weigh in on the constitutional issues raised in YAPP's motion that have produced some conflicting case law across the country. So that same day, the Court granted YAPP's motion to stay pending appeal. (ECF No. 34.) The Court ruled before the Defendants had an opportunity to respond.

1

Defendants now move for reconsideration of the Court's decision to grant YAPP's motion to stay. (ECF No. 35.)[1]

Eastern District of Michigan Local Rule 7.1(h)(2)(A) permits a party to move for reconsideration of a non-final order on the ground that "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." Defendants say reconsideration is warranted for two reasons: (1) the Court erred by granting a stay despite finding YAPP had failed to demonstrate either a likelihood of success on the merits or irreparable harm, and (2) the Court erred by overlooking the significant harm an injunction pending appeal inflicts on the public, the Board itself, and the discharged employee. (ECF No. 35, PageID.373.)

A stay pending appeal is designed "to prevent irreparable harm to the party requesting such relief during the pendency of the appeal." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 572 (6th Cir. 2002). "In granting such an injunction, the Court is to engage in the same analysis that it does in reviewing the grant or denial of a motion for a preliminary injunction." *Id.* (citing *Walker v. Lockhart*, 678 F.2d 68, 70 (8th Cir. 1982)). The Court considers four factors when

---

[1] The Court suspects the NLRB could have addressed the harm being alleged by the American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") in its *amicus curia* brief (ECF No. 36) in support of Defendants' motion for reconsideration. But the NLRB did not do so. Thus, the Court will allow the amicus brief because it may offer additional information and arguments relevant to a fair resolution of the issues. *See Oakland Tactical Supply, LLC v. Howell Twp.*, No. 18-13443, 2022 WL 17112202, at *3 (E.D. Mich. Nov. 22, 2022).

2

evaluating whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Maryville Baptist Church, Inc. v. Beshear*, 957 F.3d 610, 612 (6th Cir. 2020).

Upon further reflection, and considering the points raised in the Defendants' and amicus' briefs, the Court concludes that reconsideration is warranted. The Court's prior opinion detailed why it believed YAPP is unlikely to succeed on the merits of its constitutional claims and why it believed YAPP had failed to show irreparable harm absent a preliminary injunction. *YAPP USA Auto. Sys., Inc. v. NLRB*, 2024 WL 4119058, at 15 (E.D. Mich. Sept. 9, 2024). That analysis applies with equal force to the first two factors the Court is required to consider with respect to YAPP's request for a stay pending appeal.

As for the third and fourth factors—injury to other parties from the issuance of the stay and the public interest—Defendants' briefing suggests that the NLRB, the Union, and the employees claiming injury as a result of YAPP's alleged unfair labor practices face significant harm from the issuance of a stay pending appeal. (ECF No. 24, PageID.242–43; ECF No. 35, PageID.376–377.)

And even YAPP appears to recognize that it was not likely to succeed before this Court on its motion to stay given the Court's preliminary injunction ruling. (ECF No. 31, PageID.348 ("Indeed, given that this motion relies on the same facts and legal

3

analysis that the Court has already rejected in denying YAPP's motion for a preliminary injunction, YAPP acknowledges the similarity between this motion and the one the Court recently rejected. But pursuant to Federal Rule of Appellate Procedure 8 and Sixth Circuit precedent, YAPP must make this motion before requesting similar relief from the Sixth Circuit.").) The Court also recognizes that YAPP now has the right to seek a stay from the Sixth Circuit and the appellate court can decide whether that is the proper course prior to the administrative hearing taking place.

Accordingly, for these reasons, and those stated more fully in the Court's Opinion and Order Denying YAPP's motion for a preliminary injunction, the Court will GRANT Defendant's motion for reconsideration (ECF No. 35) and DENY YAPP's motion to stay the NLRB's administrative proceedings pending appeal (ECF No. 31).

IT IS SO ORDERED.

Dated: September 13, 2024

                                       s/Laurie J. Michelson
                                       LAURIE J. MICHELSON
                                       UNITED STATES DISTRICT JUDGE