## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

YAPP USA AUTOMOTIVE
SYSTEMS, INC.,

               Plaintiff,

     v.

NATIONAL LABOR RELATIONS
BOARD, JENNIFER ABRUZZO,
LAUREN McFERRAN, MARVIN E.
KAPLAN, GWYNNE A. WILCOX,
DAVID M. PROUTY, and ARTHUR
AMCHAN,

            Defendants.

Case No. 24-12173
Honorable Laurie J. Michelson

## DEFENDANTS' PARTIALLY
## OPPOSED MOTION TO STAY
## FURTHER PROCEEDINGS
## PENDING APPEAL

Defendants National Labor Relations Board, *et al.*, ("NLRB") respectfully file this motion to stay all proceedings in this Court and to indefinitely postpone any deadlines in this proceeding, pending decision of the United States Court of Appeals for the Sixth Circuit on the appeal by Plaintiff YAPP USA Automotive Systems, Inc. ("YAPP") from this Court's denial of a preliminary injunction. [ECF No. 29, PageID.305.] Currently, the due date for the NLRB to file an answer or Rule 12

motion to dismiss in this case is October 21, 2024. Though briefing schedules are forthcoming in both the Sixth Circuit and this Court, if proceedings in this Court are not stayed, the parties will likely be required to allocate resources to briefing this matter before this Court while simultaneously preparing briefs and any attendant motions related to Plaintiff's appeal of the preliminary-injunction order in the Sixth Circuit. To avoid straining party and judicial resources by engaging in concurrent litigation over the same or related issues in two different courts, the NLRB moves for a stay and indefinite postponement of pending deadlines.

Alternatively, the NLRB requests a brief 14-day extension of its deadline to file an answer or Rule 12 motion to dismiss based on the undersigned counsel's litigation leading up to the existing October 21, 2024 deadline, namely:

- *Amazon.com Services LLC v. NLRB*, No. 24-50761 (5th Cir.) – expedited Appellee brief due October 17, 2024.

The parties have conferred, and YAPP opposes the NLRB's request to stay the district court proceedings. However, YAPP does not oppose the NLRB's request for a 14-day extension of time to file its answer or Rule 12 motion to dismiss.

WHEREFORE, the NLRB respectfully requests that the Court stay briefing pending the completion of the appeal proceeding before the Sixth Circuit, as set forth above. In the alternative, the NLRB respectfully requests that the Court grant a 14-

day extension of the October 21, 2024 deadline for the NLRB to file an answer or

Rule 12 motion to dismiss.

Respectfully submitted,

/s/ Michael Dale
MICHAEL S. DALE
*Supervisory Attorney* (DC Bar No. 1658811)
Tel: (202) 273-0008
Facsimile: (202) 273-4244
Email: michael.dale@nlrb.gov

CHRISTINE FLACK
*Supervisory Attorney*

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and Special Litigation Branch*
1015 Half Street, S.E. - 4th Floor
Washington, DC 20003

Dated: October 16, 2024
        Washington, D.C.

3

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

/s/ Michael Dale
MICHAEL S. DALE
*Supervisory Attorney*
DC Bar No. 1658811
1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Telephone: (202) 273-0008
Email: michael.dale@nlrb.gov

Dated this 16th day of October, 2024.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

YAPP USA AUTOMOTIVE
SYSTEMS, INC.,

               Plaintiff,

    v.

NATIONAL LABOR RELATIONS
BOARD, JENNIFER ABRUZZO,
LAUREN McFERRAN, MARVIN E.
KAPLAN, GWYNNE A. WILCOX,
DAVID M. PROUTY, and ARTHUR
AMCHAN,

               Defendants.

Case No. 24-12173
Honorable Laurie J. Michelson

# BRIEF IN SUPPORT OF
# DEFENDANTS' PARTIALLY
# OPPOSED MOTION TO STAY
# FURTHER PROCEEDINGS PENDING
# APPEAL

## STATEMENT OF ISSUES PRESENTED

I.      Should the District Court grant a stay of all proceedings and deadlines

pending resolution of Plaintiff's appeal in the Sixth Circuit?

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE
## AUTHORITY FOR RELIEF SOUGHT

The main case that dictates the outcome of the NLRB's motion for a preliminary injunction is *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936), in which the Supreme Court stated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

On September 9, 2024, this Court denied the motion for a preliminary injunction requested by Plaintiff YAPP USA Automotive Systems, Inc. ("YAPP") [ECF No. 4, PageID.37, ECF No. 29, PageID.305]. YAPP immediately filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit [ECF No. 30, PageID.339], and its appeal was docketed as Sixth Circuit case 24-1754. On September 17, 2024, YAPP filed an Emergency Motion for Preliminary Injunction and Stay Pending Appeal in the Sixth Circuit [Case 24-1754, Doc. 15-1], stating that "pending resolution of YAPP's appeal, [the Sixth Circuit] should (1) preliminarily enjoin the NLRB from further administrative proceedings against YAPP, and (2) stay the proceedings in the district court." That motion was subsequently denied by the Sixth Circuit on October 13, 2024 [Case 24-1754, Doc. 28-1], specifically, the court of appeals found that (1) YAPP is not entitled to an injunction pending appeal and (2) ["b]ecause YAPP has provided no support for its request to stay the district court proceedings, that relief is denied." The next day, YAPP filed an Emergency Application for Writ of Injunction in the Supreme Court, which was denied the same day. *See YAPP USA Automotive Systems, Inc. v. NLRB*, No. 24-1754 (filed Oct. 14, 2024).

Now, the NLRB seeks to stay the district court proceedings in the interest of promoting judicial economy and conserving the parties' resources. It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

1

time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299

U.S. 248, 254 (1936). Here, YAPP's appeal will likely impact future proceedings as it

concerns the same legal issues presented in this Court, and disposition of that appeal

is likely to provide significant if not dispositive guidance, which will aid the Court and

parties in the ultimate resolution of this case. The proposed stay is of limited duration

and will not cause undue delay in the resolution of this case.

     In conclusion, the NLRB asks that this Court stay further proceedings and

deadlines pending resolution of YAPP's appeal or, in the alternative, grant a 14-day

extension of the NLRB's deadline to file an answer or Rule 12 motion to dismiss.

                                    Respectfully submitted,

                                    /s/ Michael Dale
                                    MICHAEL S. DALE
                                    *Supervisory Attorney* (DC Bar No. 1658811)
                                    Tel: (202) 273-0008
                                    Facsimile: (202) 273-4244
                                    Email: michael.dale@nlrb.gov

                                    CHRISTINE FLACK
                                    *Supervisory Attorney*

                                    NATIONAL LABOR RELATIONS BOARD
                                    *Contempt, Compliance, and Special Litigation Branch*
                                    1015 Half Street, S.E. - 4th Floor
                                    Washington, DC 20003

Dated: October 16, 2024
      Washington, D.C.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAPP USA AUTOMOTIVE
SYSTEMS, INC.,

      Plaintiff(s),

v.

NATIONAL LABOR RELATIONS
BOARD, et al.,

      Defendant(s).

Case No. 24-12173
Honorable Laurie J. Michelson

---

## BRIEF FORMAT CERTIFICATION FORM

---

I, Michael S. Dale, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

/s/ Michael Dale
Dated: October 16, 2024